IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone G. Wade,<br><br>Plaintiff,<br><br>vs.<br><br>Head Nurse Cheryl Luerre, Nurse Collins, D. Franke, Assistant Warden Erik Raymos, Brandy Lathan, Nurse Brezzle, Nurse Ms. Owens, Ms. Smith, Warden M. Stephen,<br><br>Defendants. | C/A No. 6:19-cv-3576-JFA-KFM<br><br><br>**ORDER** |

## I.     INTRODUCTION

Plaintiff Tyrone G. Wade, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed his initial complaint on December 26, 2019. (ECF No. 1). On January 2, 2020, Plaintiff was ordered to bring his case into proper form for judicial screening. (ECF No. 7). Plaintiff complied with the Court's Order, bringing his case into proper form. On January 30, 2020, the Magistrate Judge issued an order informing Plaintiff that his claims were subject to dismissal as drafted and provided him with 14 days to file an amended complaint. (ECF No. 12). The order informed Plaintiff that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, his claims would be subject to dismissal with prejudice. (*id*. at 8–9). On February 12, 2020, Plaintiff's

amended complaint was entered on the docket. (ECF No. 18). Plaintiff then filed a motion

to amend his amended complaint on February 20, 2020. Plaintiff's motion was granted,

and he was instructed to file a second amended complaint. (ECF No. 21). On March 9,

2020, Plaintiff's second amended complaint was entered on the docket. (ECF No.  26).

After reviewing the second amended complaint, the Magistrate Judge assigned to

this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 29).

Within the Report, the Magistrate Judge opines that some of Plaintiff's claims are subject

to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim

upon which relief can be granted. *Id.* Thus, the Report recommends that all claims against

defendants Assistant Warden Erik Raymos and Brandy Lathan be summarily dismissed

with prejudice and without issuance and service of process. Additionally, all claims other

than Plaintiff's claim for deliberate indifference as to the remaining defendants should

likewise be dismissed with prejudice. The Report sets forth, in detail, the relevant facts and

standards of law on this matter, and this Court incorporates those facts and standards

without a recitation. Plaintiff filed objections to the Report on May 26, 2020. (ECF No.

37). Therefore, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the

Report to which specific objections are made, and the court may accept, reject, or modify,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at \*5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at \*1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at \*1 (D.S.C. Mar. 2,

2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening his lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a

clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Within the Report, the Magistrate Judge concluded that Plaintiff's failure to protect claim[2] should be dismissed because Plaintiff has failed to present specific claims of personal threat or risk of harm, let alone threats or risks known to the defendants with resulting indifference. To plausibly state a failure to protect claim, a plaintiff must allege sufficient factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk. *Parrish v. Cleveland*, 372 F.3d 294, 302–03 (4th Cir. 2004). Additionally, Plaintiff's claims for supervisor liability as to Defendant Raymos fail because Plaintiff did not allege Raymos was responsible for any of the conditions complained of. Conversely, the Magistrate Judge recommended that Plaintiff's claims for deliberate indifference be allowed to proceed.

Plaintiff asserts several general "objections" to the Report, but they each amount to a disagreement with the Magistrate Judge's recommendations. Within these objections, Plaintiff appears to take issue with the recommendation that Defendants Lathan and Raymos be dismissed from this action. Essentially, Plaintiff alleges that both defendants failed to enforce SCDC policies and "[b]oth of these defendants had full knowledge of the incident." (ECF No. 37-1). However, these objections still fail to assert specific factual allegations to support Plaintiff's claims[3]. As the Magistrate Judge stated, "plaintiff's vague

---

[2] This claim was asserted against Defendants Raymos, Lathan, and Stephan.

[3] Plaintiff also submitted an affidavit along with his objections. (ECF No. 37-2). This affidavit likewise fails to allege specific facts which would support the claims subject to dismissal.

and conclusory allegation that he told every defendant about his need for medical care is insufficient" to support his claims. (ECF No. 29, p. 6). Additionally, these objections fail to point to any error in the Report. Accordingly, to the extent that these objections can be construed as specific objections to the Report, they are overruled.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 29) in all regards. Thus, as to Plaintiff's claims presented in the second amended complaint, the deliberate indifference claim will be served against defendants Nurse Ms. Owens, Nurse Practitioner Ms. Smith, Nurse Collins, D. Franke, Nurse Brezzle, Head Nurse Luerre, and Warden Stephan. All other claims, including Plaintiff's failure to protect claim, are dismissed *with prejudice* and without issuance and service of process because Plaintiff's second amended complaint has not cured the deficiencies identified in the order issued January 30, 2020. Consequently, Defendants Raymos and Lathan are terminated from this action.

Further, this action is recommitted back to the Magistrate Judge for further proceedings on the remaining claims.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 28, 2020                            Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge