IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone G. Wade, | C/A No. 6:19-cv-3576-JFA-KFM |
| Plaintiff, | |
| vs. | |
| Cheryl Werre[1], April Collins, D. Franke, Ms. Brezzle, Ms. Olds, June Smith, Warden M. Stephen, | **ORDER** |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Tyrone G. Wade, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On March 9, 2020, Plaintiff's second amended complaint was entered on the docket. (ECF No. 25). Thereafter, defendant Nurse April Collins filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 62). After reviewing the motion and response thereto, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report"). (ECF No. 118). Within the Report, the Magistrate Judge

---

[1] The record shows that the defendant's name is Cheryl Werre, rather than Cheryl Luerre. (ECF No. 75).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

opines that Nurse Collins' motion to dismiss should be denied. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The parties were advised of their right to object to the Report, which was entered on the docket on November 13, 2020. *Id.* Nurse Collins filed objections on November 25, 2020. (ECF No. 129). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

2

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss for failure to state a claim is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

3

(1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Within the Report, the Magistrate Judge concluded that Nurse Collins' motion to dismiss should be denied because Plaintiff's Second Amended Complaint sufficiently alleges a claim for deliberate indifference to a serious medical need.

Within the Report, the Magistrate Judge specifically found that Plaintiff sufficiently alleged a serious medical need that was patently obvious because Plaintiff avers that his hand was "split-open". This injury ultimately required staples and later became infected. The Magistrate Judge also indicated that Nurse Collins showed deliberate indifference because she was informed of the injury and Plaintiff indicated he was in much pain and needed medical attention. However, Plaintiff avers that Nurse Collins handled Plaintiff's hand in a rough manner, got upset, and then left the housing unit leaving Plaintiff's wound uncovered. Accordingly, The Magistrate Judge concluded that Plaintiff stated a plausible claim for deliberate indifference sufficient to withstand a motion to dismiss.

Nurse Collins objects to the conclusions by stating that Plaintiff's complaint amounts to a mere disagreement with the offered treatment and constitutes a claim for medical negligence at most. (ECF No. 129). Additionally, Nurse Collins avers that Plaintiff failed to allege any harm resulting from her actions or inactions. *Id.*

Within her objections, Nurse Collins acknowledges that deliberate indifference can be shown by prison officials intentionally denying medical care. However, she avers that she left Plaintiff's wound uncovered acting within her own professional opinion. Although

4

Nurse Collins' contentions may serve as a basis for a meritorious defense at a later stage in litigation, within a motion to dismiss, the court is only concerned with the allegations within the operative complaint and whether they suffice to state a claim when taken as true and construed liberally. Here, Plaintiff has met this low threshold. The Second Amended Complaint plainly avers that Plaintiff's hand was "split wide open" and Nurse Collins handled the same hand but left without providing medical care. When taken as true, these allegations suffice to show that Nurse Collins had actual knowledge of Plaintiff's serious injury and intentionally chose not to render any medical services. Thus, Nurse Collins' objection on this point is overruled.

Additionally, Nurse Collins argues that Plaintiff failed to allege any damage resulting from her deliberate indifference. However, a review of the Second Amended Complaint indicates that Plaintiff alleged that he was in great pain and yet Nurse Collins handled his hand roughly resulting in increased complaints from Plaintiff. This same wound later received several staples and became infected. Although Nurse Collins argues that the later infection was caused by the action of other nurses, Plaintiff's allegations of increased pain and rough handling suffice to allege damages resulting from deliberate indifference. Accordingly, Nurse Collins' objections on this point are overruled as well.

Although the undersigned expresses no opinion on whether Plaintiff will ultimately be able to substantiate the allegations within his complaint, at this point, the allegations within his complaint, when construed liberally and in a light most favorable to Plaintiff, provide enough facts to state a claim to relief that is plausible on its face. *See Robinson American Honda Motor Co., Inc.,* 551 F.3d 218, 222 (4th Cir. 2009).

5

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 118). Consequently, Nurse Collins' motion to dismiss (ECF No. 62) is denied.

Further, this action is recommitted back to the Magistrate Judge for further proceedings on the remaining claims.

IT IS SO ORDERED.

December 10, 2020                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge