IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone G. Wade,<br><br>                        Plaintiff,<br><br>vs.<br><br>April Collins, Ms. Olds, and June Smith,<br><br>                        Defendants. | C/A No. 6:19-cv-3576-JFA-KFM<br><br>**ORDER** |

## I.    INTRODUCTION

Plaintiff Tyrone G. Wade, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On March 9, 2020, Plaintiff's second amended complaint was entered on the docket. (ECF No. 25). Thereafter, Head Nurse Ms. Olds ("Nurse Olds") and Nurse Practitioner June Smith's ("Nurse Smith") moved for summary judgment. (ECF No. 117). Additionally, Nurse April Collins submitted a separate motion for summary judgment. (ECF No. 151).

After reviewing the motions and responses thereto, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 154). Within the Report, the Magistrate Judge opines that Nurse Olds and Nurse Smith's motion for summary judgment and Nurse Collins' motion for summary judgment should be granted. The Report sets

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Report was entered on the docket on February 17, 2021 and it advised Plaintiff of his right to object by March 3, 2021. *Id.* Plaintiff filed objections on March 15, 2021. (ECF No. 160). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No.

2

6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

At the outset, it should be noted that Plaintiff's objections are untimely and therefore should not be entitled to a de novo review. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)("In the absence of a timely filed objection, a district court need not conduct a

3

de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")(cleaned up). Nevertheless, out of an abundance of caution, the Court will endeavor to analyze Plaintiff's objections.

Plaintiff's "objections" appear to be a general disagreement with the Magistrate Judge's conclusions as opposed to objections to specific portions of the Report. Plaintiff takes issue with the Magistrate Judge's conclusion that Nurse Collins acted in a professional manner despite leaving a wound on his hand uncovered and handling his hand roughly. Plaintiff also argues that Nurse Olds placed staples into his hand to close the wound without any authorization from a doctor. Essentially, Plaintiff avers that it "should be left up to a jury to decide whether the plaintiff was given proper care." (ECF No. 160, p. 4).

Despite these objections to the contrary, the Report adequately considered and rejected these arguments when determining that summary judgment was appropriate. As the Magistrate Judge properly held:

> the plaintiff's complaints regarding these defendants revolve around his desire for treatment by a physician or a hand specialist and are merely a disagreement with the type of treatment he received, which is not actionable under § 1983. *See Sharpe v. SCDC*, 621 F. App'x 732, 732 (4th Cir. 2015) ("[M]ere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief [under § 1983].") (citation omitted).

(ECF No. 154, p. 10).

Thus, Plaintiff's objections merely rehash arguments previously made and do not point to any error in the Report. Even when viewed in a light most favorable to Plaintiff and taking his assertions as true, Plaintiff has failed to show that any of the nurses had actual knowledge of any serious medical need and the related risks but nevertheless disregarded them. At most, these allegations amount to negligent treatment which cannot serve as the basis for a deliberate indifference claim. *See Campbell v. Florian*, 972 F.3d 385, 395 (4th Cir. 2020), as amended (Aug.

4

28, 2020) ("Thus, deliberate indifference is a very high standard, and a showing of mere negligence will not meet it.")(cleaned up). Thus, these objections must be overruled.

Plaintiff fails to object to the remaining portions of the Report, namely the conclusion that all claims against Defendants in their official capacities should be dismissed. Thus, this portion of the Report is also adopted without objection.

Additionally, Plaintiff filed a separate motion in which he claims he has "no access to the law computer by way of tablet" that is keeping him from being able to respond to the Report. (ECF No. 156). When opposing counsel asked the South Carolina Department of Corrections for clarification on this issue, they received the following response:

> Inmate Wade does not have a personally assigned tablet due to his continuous disciplinary issues. He was unable to produce a pending deadline when previously asked based upon his misuse of the tablet when he had the opportunity. He has continued to have disciplinary issues as of today, he will be afforded an opportunity to utilize the tablet tomorrow [February 23, 2021] to respond.

(ECF No. 157).

Thus, is appears Plaintiff's own disciplinary history initially caused his inability to utilize a tablet, but he has since been afforded an opportunity to use a tablet to prepare a response. Plaintiff ultimately filed objections after the above response and the Court has considered them despite their untimely filing. Consequently, Plaintiff's motion for access to a law computer (ECF No. 156) is denied as moot.

### IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 154). Consequently,

Nurse Olds and Nurse Smith's motion for summary judgment (ECF No. 117) and Nurse Collins' motion for summary judgment (ECF No. 151) are granted. These defendants are dismissed from this action with prejudice. Additionally, the remaining pending nondispositive motions (ECF Nos. 86; 88; 91; & 132) are dismissed as moot.

IT IS SO ORDERED.

March 31, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge